**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2009

Charles R. Fulbruge III
Clerk

No. 06-41394
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AURELIO LARA ZAPATA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-48-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Aurelio Lara Zapata appeals the sentence imposed following his guilty plea conviction for possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256. Zapata was sentenced within his advisory sentencing guidelines range to a 78-month term of imprisonment.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. *Id*. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. *Id.* A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Zapata argues that this court should summarily vacate his sentence and remand the case to the district court for reconsideration in light of the Supreme Court's decisions in *Gall*, 128 S. Ct. at 586, *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Rita*, 127 S. Ct. at 2456. Zapata contends that those cases, which were issued after his sentencing, abrogated the rationale of previous Fifth Circuit decisions by broadening the district court's discretion to impose a non-guidelines sentence. He argues, therefore, that the district court believed that it could not sentence him below the Guidelines in the absence of "extraordinary circumstances" and could not consider certain factors such as age, risk of recidivism, financial situation, or the need for psychiatric treatment in imposing the sentence. Because this theory was not argued in the district court, we review for plain error. *See Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Zapata's arguments for a non-guidelines sentence or that the district court believed that it could not deviate from the advisory guidelines range in the absence of extraordinary circumstances. To the contrary, the record reflects that the district court considered Zapata's arguments, the presentence report (PSR), and the sentencing factors set forth in 18 U.S.C. § 3553(a), in determining Zapata's sentence. The district court's reasons for imposing the sentence are both apparent from the record and sufficient to support Zapata's sentence. *See*

*United States v. Bonilla*, 524 F.3d 647, 657-59 (5th Cir. 2008) (noting that the district court had considered the arguments of the parties and the PSR, which contained information pertaining to those arguments, and concluding that the district court had adequately explained its choice of sentence). Accordingly, there was no plain error. *See Campos-Maldonado,* 531 F.3d at 339.

In addition, Zapata has not shown that the district court's imposition of a within-guidelines sentence was improper under either the deferential *Gall* standard of review or under plain-error review. *See Gall*, 128 S. Ct. at 597; *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

The judgment of the district court is AFFIRMED.